UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROSEMARIE KAUTNER, | ) | |
| | ) | Case No. 16-CV-3166 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| VERDE ENERGY USA ILLINOIS, LLC, | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, ROSEMARIE KAUTNER, by and through her attorneys, and for her Complaint against the Defendant, VERDE ENTERGY USA ILLINOIS, LLC, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.   This is an action for damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Plaintiff brings this action as a result of the illegal actions of Defendant, who negligently, knowingly and/or willfully placed sales, solicitations and/or other telemarketing calls to Plaintiff's cellular telephone in violation of the TCPA.

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331.

3.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District.

**PARTIES**

4.   Plaintiff is an individual who was at all relevant times residing in Springfield, Illinois.

5.   Plaintiff is a "person" as defined by 47 U.S.C. § 153(10).

6. On information and belief, Defendant is a limited liability company of the State of Delaware, which is licensed to do business in Illinois, and which has its principal place of business in Norwalk, Connecticut.

7. At all relevant times hereto, Defendant was engaged in the marketing and sale of electricity/energy plans.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS COMMON TO ALL COUNTS

9. During or about March of 2016, Defendant began placing automated telephone calls to Plaintiff's cellular telephone in an attempt to market its electricity/energy plans to Plaintiff.

10. Defendant placed at least 16 such telephone calls to Plaintiff during the month of March 2016.

11. Plaintiff is not a customer of Defendant, nor has Plaintiff ever provided any personal information, including her telephone number, to Defendant, for any purpose whatsoever, nor has Plaintiff purchased or used any goods or services offered by Defendant at any time prior to the filing of the instant Complaint.

12. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, frustration, emotional distress and mental anguish.

## COUNT I

13. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 12 above as if reiterated herein.

14. On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

15. On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the marketing of its goods and services, in the ordinary course of its business.

16. Plaintiff did not give Defendant her express consent, invitation or permission for Defendant to contact her using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact her in this manner was terminated and revoked.

17. Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

18. Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

19. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

    b. Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

      c.      Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

      d.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

20.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 12 and 14 through 18 above as if reiterated herein.

21.    The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

      b.      Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

      c.      Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

      d.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

ROSEMARIE KAUTNER

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
One South Dearborn Street
Suite 2100
Chicago, IL 60603
Phone: (312) 212-4355
Fax: (866) 633-0228
dlevin@toddflaw.com